IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01511-BNB

CARLON MCGINN,

 Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

 Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Carlon McGinn, is an inmate at the El Dorado Correctional Facility in El Dorado, Kansas. He initiated this action by filing *pro se* a "Petition for Writ of Error pursuant to 28 U.S.C. § 1651" on June 28, 2010. Mr. McGinn thereafter filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on July 27, 2010, in compliance with a June 28, 2010 Order to cure deficiencies entered by United States Magistrate Judge Craig B. Shaffer. Applicant has paid the $ 5.00 filing fee.

The Court must construe the application liberally because Mr. McGinn is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Application and this action will be dismissed.

## I. Factual and Procedural Background

Mr. McGinn was convicted of felony menacing pursuant to his guilty plea entered in the District Court of Adams County, Colorado, on December 18, 2001. Pre-Answer Resp. Ex. A at 3. He was sentenced to a three-year prison term in the Colorado Department of Corrections. *Id.* Applicant was also convicted of two felonies in a district court in Kansas in Case No. 01CR634. Application at 19. Mr. McGinn states that he received a 554-month prison sentence for one of the Kansas convictions and a 109-month sentence for the other, to be served "concurrent, and consecutive to 36-month post-release on prior Colorado Conviction . . . giving rise to this [A]pplication." *Id.* Applicant was paroled on the Colorado conviction sometime prior to July 19, 2004. Pre-Answer Response, Ex. L.

After Mr. McGinn was paroled in Colorado, he was moved to a Kansas detention facility on July 20, 2004, pursuant to an outstanding Kansas detainer. Pre-Answer Resp. Ex. L. Applicant's Colorado parole terminated on January 20, 2007, discharging his sentence for the Colorado felony menacing conviction (and for an unrelated Colorado theft conviction).[1] *Id.*

Mr. McGinn asserts two claims in his § 2254 Application: (1) his Colorado conviction for felony menacing is invalid under the Constitution because he received ineffective assistance of counsel in connection with the plea proceeding; and, (2) the

---

[1] Applicant was convicted of theft in Colorado Case No. 01CR448. On March 14, 2002, the trial court revoked Mr. McGinn's probation and imposed a concurrent three-year prison term. Pre-Answer Resp. Ex. L. Applicant does not challenge that conviction or sentence.

2

state court violated his right to due process by denying him an evidentiary hearing on the timeliness of his motion for post-conviction relief. For relief, Mr. McGinn requests that the Court order the Colorado conviction expunged from his state criminal record or vacate his guilty plea because "a manifest injustice is being suffered by petitioner in relation to his Kansas criminal conviction sentencing." Application at 20. In the alternative, Applicant asks the Court to order the state district court to hold an evidentiary hearing regarding the timeliness of his motion for post-conviction relief. *Id.*

On August 3, 2010, Magistrate Judge Boyd N. Boland ordered the Respondents to file a Pre-Answer Response limited to addressing the statutory "in custody" requirement, as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies. Respondents filed their Pre-Answer Response on August 24, 2010. Applicant filed a Reply on September 15, 2010.

Respondents argue that the Court lacks subject matter jurisdiction over the Application because Mr. McGinn is no longer in custody on the Colorado conviction. Respondents assert that, even if the Application can be construed as asserting a challenge to the validity of Applicant's Kansas sentence(s), he has failed to allege that he exhausted state remedies in the Kansas courts. Pre-Answer Resp. at 5-12. Respondents further maintain that, if the Application is construed as an attack on the Kansas sentence, this Court lacks personal jurisdiction over the proper custodian and the proper forum is the District of Kansas. *Id.* at 12-15. The Court agrees with Respondents that the Application must be dismissed for lack of jurisdiction and venue

for the reasons discussed below. The Court therefore does not reach Respondents' additional arguments that Mr. McGinn's claims challenging the expired Colorado conviction are time-barred under the AEDPA and are procedurally defaulted.

## II. Analysis

The federal habeas statute requires that a petitioner seeking relief from a state court conviction be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petitioner must be "in custody" under the challenged conviction or sentence at the time the habeas petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The "in custody" requirement is jurisdictional. *See McCormick v. Kline*, 572 F.3d 841, 847-48 (10th Cir. 2009). Consequently, a state prisoner cannot challenge the constitutionality of his conviction in a federal habeas proceeding if he has completed his sentence for the conviction at the time the § 2254 petition is filed. *Maleng*, 490 U.S. at 491; *see also Lackawanna County Dist. Attorney v. Coss ("Lackawanna")*, 532 U.S. 394, 401 (2001) ("[Petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions," citing 28 U.S.C. § 2254(a) and *Maleng*).

It is undisputed that Mr. McGinn completed his sentence for the Colorado conviction in January 2007. Pre-Answer Resp. Ex. L. Mr. McGinn states that he "is no longer in custody on the conviction complained of herein, however, said conviction is being used to harm petitioner." Petition for Writ of Error, at 1; *see also* Reply, at 2.

Applicant alleges that the Colorado felony menacing conviction was used to enhance the sentence(s) for his Kansas conviction(s). Application, at 11, 13, 17, 20. Accordingly, although Applicant is foreclosed from attacking his Colorado conviction and sentence in this federal habeas proceeding, his Application can also be construed liberally as asserting a challenge to the sentence(s) imposed for his Kansas conviction(s) as enhanced by the allegedly invalid Colorado conviction. *See Carthen v. Workman*, 121 F. App'x 344, 346 (10th Cir. 2005).

In *Lackawanna*, the Supreme Court addressed whether a current sentence enhanced by an allegedly invalid prior conviction may be challenged under § 2254. The Court recognized that a prisoner serving such an enhanced sentence meets the "in custody" requirement. 532 U.S. at 402. However, the Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

532 U.S. at 403-04 (internal citation omitted). There are two exceptions to this general rule: 1) where there was a failure to appoint counsel on the expired conviction, in violation of the Sixth Amendment; or 2) in the "rare case" where the failure to obtain timely review of the claim is not the petitioner's fault. *Id.* 403-405; *see also Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004). Examples of the second exception include a state court refusing to rule on a constitutional claim that has been properly

5

presented to it or where the petitioner obtains compelling evidence of his actual innocence of the crime after the time for direct or collateral review has expired. *Lackawanna*, 532 U.S. at 405.

As discussed above, Mr. McGinn's Application may state a cognizable claim for habeas relief if he has satisfied one of the *Lackawanna* exceptions. Applicant must also demonstrate that he has exhausted his available state court remedies by presenting his claim challenging the lawfulness of his Kansas sentence, as enhanced by the allegedly invalid prior Colorado conviction, to the Kansas courts. *See McCormick,* 572 F.3d at 851 ("Crucial to the *Lackawanna* exceptions is the requirement that '[a]s with any § 2254 petition,' a petitioner seeking to invoke the exceptions 'must satisfy the procedural prerequisites for relief [,] including, for example, exhaustion of remedies.') (quoting *Lackawanna*, 532 U.S. at 404) (emphasis added).

However, Mr. McGinn has not named the proper Respondent for a claim challenging the legality of his Kansas sentence(s). The proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also Harris v. Champion*, 51 F.3d 901, 906 (10th Cir.1995) ("The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian."); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (generally, "the proper respondent [in a habeas case] is the warden of the facility where the prisoner is being held."). Mr. McGinn's custodian is the warden of the El Dorado Correctional Facility in El Dorado, Kansas, where Applicant is serving his sentence(s) for his Kansas

conviction(s). The warden of the El Dorado Correctional Facility is outside the territorial jurisdiction of the District of Colorado.

A district court issuing the writ must have jurisdiction over the petitioner's custodian. See *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Accordingly, even if Mr. McGinn amended his Application to name the Kansas warden, this Court may lack personal jurisdiction over that Respondent. See *e.g. Kelso v. Luna*, 317 F. App'x 846, 847 (10th Cir. 2009) (dismissing § 2254 petition filed in Oklahoma federal district court for lack of personal jurisdiction over petitioner's custodian, who was executive director of California state hospital where petitioner was civilly confined); *Portley-El v. Figueroa*, 373 F. App'x 883, 885 (10th Cir. 2010) (dismissing § 2241 petition filed in Oklahoma federal district court for lack of personal jurisdiction over petitioner's custodian, who was outside the territorial jurisdiction of the federal district court). Moreover, the District of Colorado is not the proper forum for Mr. McGinn's claim challenging his Kansas sentence(s), where he is incarcerated in a Kansas facility, his Colorado conviction has expired, and there is no outstanding Colorado detainer lodged against him. See *Padilla*, 542 U.S. at 451-52 (Kennedy, J., concurring) (observing that rules requiring habeas action to be filed against the immediate custodian in the district court whose territorial jurisdiction includes the place where the custodian is located are questions of personal jurisdiction or venue that do not implicate the court's subject matter jurisdiction; however, "[o]nly in an exceptional case may a court deviate from those basic rules to hear a habeas

petition filed against some person other than the immediate custodian of the prisoner, or in some court other than the one in whose territory the custodian may be found."). Mr. McGinn must therefore challenge the legality of his Kansas sentence(s), as enhanced by the allegedly invalid prior Colorado conviction, in the United States District Court for the District of Kansas.

The only issue remaining is whether to dismiss the action or transfer it to the District of Kansas. Pursuant to 28 U.S.C. § 1631, if a court "finds that there is a want of jurisdiction," it must transfer the action to "any other such court in which the action or appeal could have been brought at the time it was filed or noticed," but only if doing so "is in the interest of justice." Similarly, the federal venue statute, 28 U.S.C. § 1406(a), grants the court discretion to transfer a case "to any district or division where it could have been brought" if it be "in the interest of justice."

To determine whether a transfer is warranted under 28 U.S.C. § 1631, "a court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (internal quotation marks omitted). The Court has briefly reviewed the merits and finds that a transfer is not in the interest of justice.

First, Mr. McGinn does not allege any facts in his Application, or provide documentation to show, that he presented to the Kansas state courts a claim that his Kansas sentence is illegal because it was enhanced by an allegedly invalid prior

8

Colorado conviction. Respondents raised the issue of Applicant's failure to exhaust Kansas state court remedies in their Pre-Answer Response, and Applicant failed to respond to it. Hence, it appears that Mr. McGinn has not met the threshold procedural prerequisite for a *Lackawanna* claim. See *McCormick*, 572 F.3d at 852.

Furthermore, Mr. McGinn has not stated a cognizable claim for habeas relief under one of the *Lackawanna* exceptions. The first exception does not apply because Mr. McGinn was represented by counsel in the Colorado criminal proceeding. Mr. McGinn cannot avail himself of the second exception because he must bear the responsibility for his failure to obtain timely review of his Colorado conviction in the Colorado courts. Applicant concedes that he knew he had a right to appeal his plea and sentencing, but he failed to pursue it because he did not know that his rights had been violated. Application at 12. However, "a defendant properly bears the consequences of . . . foregoing otherwise available review of a conviction. . . ." See *Lackawanna*, 532 U.S. at 405. Applicant has also failed to demonstrate that he was without fault in failing to file a motion for post-conviction relief in the state trial court until June 2009.

Mr. McGinn argued to the state trial court that he could not have filed his Colo. R. Civ. P. 35(c) motion earlier because his trial counsel failed to disclose to him the contents of police investigative reports which purportedly revealed that he was guilty of only a misdemeanor, not felony menacing. Pre-Answer Resp. Exs. A, B. Applicant stated that he did not learn about the contents of the police reports until he was

9

incarcerated in Kansas and was able to pay for the reports with monies earned from a prison job. *Id.*, Exs. B and D. The state trial and appellate courts rejected this argument. The Colorado Court of Appeals found that Mr. McGinn had failed to show that the police reports were unavailable to him prior to entering his plea, that the criminal charge of felony menacing was false or unfounded, "or that any newly discovered evidence would bring about an acquittal at trial." *See People v. McGinn*, Case No. 09CA1736 (Colo. App. Jan. 21, 2010), Pre-Answer Resp. Ex. E at 2.

Applicant does not explain in his federal Application why he could not have obtained the police reports at an earlier time, nor has he presented any compelling evidence of his actual innocence to this Court. Petitioner suggests that his failure to file a timely attack on his Colorado criminal conviction should be excused because he did not understand complex legal issues concerning the effectiveness of counsel's legal representation. However, "[i]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted).

Consequently, because Mr. McGinn's *Lackawanna* claim suffers from procedural infirmities and appears to lack merit, the Court declines to transfer this case to the District of Kansas.

Finally, Mr. McGinn's Petition for Writ of Error Pursuant to 28 U.S.C. § 1651 must be denied. "It has long been settled in this circuit that federal courts have no jurisdiction to issue writs of coram nobis with respect to state criminal judgments." *See*

*Davis v. Roberts*, 425 F.3d 830, 836 (10th Cir. 2005) (collecting cases); *see also* Larry W. Yackle, Postconviction Remedies § 35, at 162 (1981) ("[T]he writ [of coram nobis] is available only in the sentencing court to petitioners challenging federal convictions and sentences."). Accordingly, it is

ORDERED that Carlon McGinn's "Petition for Writ of Error pursuant to 28 U.S.C. § 1651" [Doc. No. 2] is DENIED. It is

FURTHER ORDERED that Carlon McGinn's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 3] is DENIED as follows:

- For lack of subject matter jurisdiction as to Mr. McGinn's claims challenging his expired Colorado convictions;

- Mr. McGinn has failed to name the proper Respondent for his claim challenging the validity of his Kansas sentence(s) as enhanced by an allegedly invalid prior Colorado conviction. In addition, the Court lacks personal jurisdiction over the proper Respondent (the warden of the El Dorado Kansas Correctional Facility) and/or venue is improper in the United States District Court for the District of Colorado. It is

FURTHER ORDERED that this action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __22nd__ day of __October__, 2010.

BY THE COURT:


_s/Philip A. Brimmer_
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-1511-BNB

Carlon McGinn
Prisoner No. 62252
El Dorado Corr. Facility
P.O. Box 311
El Dorado, KS 67042

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/25/10

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk